# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| DARREN THOMAS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:13-cv-00105-TWP-DML |
| ACUITY A Mutual Insurance Company, SANTIAGO CAMACHO ORTIZ, THEODORA MEZA, | ) |
| Defendants. | ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Theodora Meza ("Ms. Meza"). ([Filing No. 39](#)). Plaintiff Darren Thomas ("Mr. Thomas") asserts claims against Ms. Meza for negligent entrustment and negligence per se arising from a motor vehicle accident. For the reasons set forth below, Ms. Meza's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

The following material facts are not in dispute, and are viewed in light most favorable to Ms. Meza as the non-moving party. On June 29, 2011, Defendant Santiago Ortiz ("Mr. Ortiz") was involved in a motor vehicle accident with Mr. Thomas in Dearborn County, Indiana. At the time of the accident, Mr. Ortiz was operating a 1995 Chevrolet Suburban truck owned by Ms. Meza. A trailer was also attached to the Suburban. Mr. Ortiz did not have a driver's license at the time of the accident. Ms. Meza was not present in the vehicle when the accident occurred, but had previously observed Mr. Ortiz operating the vehicle. However she had never observed Mr. Ortiz operating the vehicle with the trailer attached.

Ms. Meza and Mr. Ortiz are husband and wife. They jointly own a roofing business, Ortiz Roofing, which is a limited liability company organized under the laws of Ohio. At the time of the accident, Mr. Ortiz was en route to a roofing job.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat the motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). "[N]either the mere existence of some alleged factual dispute between the parties . . . nor the existence of some metaphysical doubt as to the material facts . . . is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## III. DISCUSSION

In Counts II and III of his Complaint, Mr. Thomas alleges that Ms. Meza is liable for negligent entrustment and negligence per se for allowing Mr. Ortiz to drive her vehicle knowing that he did not have a valid driver's license. Although not pled in the Complaint, Mr. Thomas also argues that Ms. Meza should be held vicariously liable for Mr. Ortiz's actions because he was operating the vehicle in the course of Ms. Meza's business. Ms. Meza argues that the mere knowledge of the fact that a person does not have a driver's license cannot serve as knowledge of incompetency to operate the vehicle.

### A. Negligent Entrustment

Under Indiana law, the owner of an automobile will be liable for the negligent acts of one to whom the automobile has been entrusted only if the owner knows at the time of entrustment that the driver is incompetent to operate the vehicle safely. *Stocker v. Cataldi*, 489 N.E.2d 144, 145 (Ind. Ct. App. 1986) (citing *Fisher v. Fletcher*, 133 N.E. 834 (Ind. 1922); *Ellsworth v. Ludwig*, 223 N.E.2d 764 (Ind. Ct. App. 1967). By "incompetent" Indiana courts interpret the case law to mean incapacitated (as in the case of intoxication), uninstructed in the use of the vehicle or unfamiliar with the dangers of such use. *Id.* In order to hold the vehicle owner liable, the owner must have actual and immediate knowledge of the driver's incompetency at the time the vehicle is entrusted. *Id.*; *see also Sutton v. Sanders*, 556 N.E.2d 1362, 1365 (Ind. Ct. App. 1990); *Brewster v. Rankins*, 600 N.E.2d 154, 159 (Ind. Ct. App. 1992) (must show actual and specific knowledge that the person is "incapacitated or incapable of using due care at the time of the entrustment."). "[I]t [is] not enough that the owner of the vehicle knew the driver was irresponsible or even reckless, the owner would had to have known that the driver was unfit *at the time of entrustment*."

*Stocker*, 489 N.E.2d at 146 (emphasis in original). It is also not sufficient to show that the driver did not have a valid driver's license to prove knowledge of incompetence. *Hinkley v. Montgomery Ward, Inc.*, 497 N.E.2d 255, 257 (Ind. Ct. App. 1986) ("[M]ere lack of an operator's license is not in itself evidence of negligence in the operation of the motor vehicle . . . .")

Mr. Thomas argues that there is sufficient evidence from which a jury might conclude that Ms. Meza was aware of Mr. Ortiz's lack of capacity to drive her vehicle with a trailer attached. Thomas argues that Ms. Meza did not know whether Mr. Ortiz was capable of safely driving the Suburban with a trailer attached because he had not previously done so; however, this is not the same as having actual knowledge that he was incompetent to operate the vehicle. Under Indiana law, it is not sufficient that the vehicle owner could or should have known of the driver's incompetence, which is the only reasonable conclusion that could be reached based upon the evidence presented in this case. *See Stocker*, 489 N.E.2d at 145 ("[E]vidence which reveals that the owner could have known or should have known of the driver's unfitness to drive is not sufficient under present law to impose liability."). The day of the accident was the first time Mr. Ortiz had ever driven the Suburban with a trailer, so there would have been no way for Ms. Meza to have actual knowledge that he could not safely do so.

This case is distinguishable from those cases in which the vehicle owner observed the driver in an intoxicated state at the time she entrusted her vehicle to him, thus creating a question of fact as to whether the owner had actual knowledge of the driver's incompetence. *See Davidson v. Bailey*, 826 N.E.2d 80, 88 (Ind. Ct. App. 2005) (vehicle owner admitted to seeing driver consume alcohol, and was also trained to recognize signs of intoxication); *c.f. Stocker*, 483 N.E.2d at 463 (mother did not have actual knowledge of son's incompetence at the time she entrusted vehicle to him, despite her knowledge of his past use of marijuana and that he pled guilty to driving while

4

intoxicated following the accident). In this case, Mr. Thomas has not pointed to any evidence from which a reasonable fact finder could conclude that Ms. Meza had actual knowledge of Mr. Ortiz's incompetency at the time she entrusted her vehicle to him. Therefore, Ms. Meza is entitled to summary judgment on Mr. Thomas's negligent entrustment claim.

### B. Negligence Per Se

An unexcused or unjustified violation of a statutory duty constitutes negligence *per se* if the statute is intended to protect the class of persons at issue and to protect against the particular type of harm which occurred. *Lever Bros. Co. v. Llangdoc*, 655 N.E.2d 577, 580 (Ind. Ct. App. 1995). Count III of Mr. Thomas's Complaint asserts a claim of negligence per se. However, Mr. Thomas has not identified a statute that he alleges Ms. Meza violated to form the basis of a negligence per se claim, nor does he address this claim in his response to Ms. Meza's motion for summary judgment. The Court finds that this claim is waived. *See Ienco v. Angarone*, 429 F.3d 680, 684 (7th Cir. 2005) (finding that plaintiff waived claims where he failed to develop them in response to defendant's motion for summary judgment). Therefore, Ms. Meza is entitled to summary judgment on Mr. Thomas's negligence per se claim.

### C. Vicarious Liability

Although not pled in his Complaint, Mr. Thomas argues that Ms. Meza should be held vicariously liable for Mr. Ortiz's actions. In his responsive brief, Mr. Thomas asks the Court to amend the action to include a claim of vicarious liability against Ms. Meza. This request is procedurally improper for two reasons. First, it is a violation of Local Rule 7-1, which provides "[a] motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court." S.D. Ind. L.R. 7-1(a). Second, a party may not amend his complaint through arguments made in opposition to a motion for summary judgment. *Anderson v. Donahoe*,

699 F.3d 989, 997 (7th Cir. 2012). If Mr. Thomas desired to amend his complaint to include a vicarious liability claim in light of the information uncovered during the Defendants' depositions, he should have filed a separate motion for leave to amend his complaint.

Even if Mr. Thomas were to amend his complaint to include a vicarious liability claim against Ms. Meza, such amendment would be futile. Mr. Thomas argues that Ms. Meza's and Mr. Ortiz's deposition testimony contradicts her earlier affidavit in which she stated that Mr. Ortiz was not on an errand on her behalf. (Filing No. 39-1, at ECF p. 1). Ms. Meza testified at her deposition that she and Mr. Ortiz were owners of Ortiz Roofing;[1] that Ortiz Roofing is a limited liability company owned by her and her husband, Mr. Ortiz; and that Mr. Ortiz was en route to a roofing job at the time of the accident. Meza Dep. 10:18 – 11:9 (Filing No. 50-1, at ECF pp. 10-11). It is a basic principle of Indiana business law that the members of a limited liability company are not liable for the acts of the company or other members, agents or employees.

> A member, a manager, an agent, or an employee of a limited liability company is not personally liable for the debts, obligations, or liabilities of the limited liability company, whether arising in contract, tort, or otherwise, or for the acts or omissions of any other member, manager, agent, or employee of the limited liability company.

*Troutwine Estates Dev. Co., LLC v. Comsub Design & Eng'g, Inc.*, 854 N.E.2d 890, 898-99 (Ind. Ct. App. 2006) (quoting Ind. Code § 23-18-3-3(a)). The fact that Ms. Meza was part owner of the business is irrelevant, and her deposition testimony does not contradict her statement that Mr. Ortiz was not on an errand on her behalf, or that Mr. Ortiz was employed by her. Mr. Ortiz is a member of Ortiz Roofing, and was en route to perform business on Ortiz Roofing's behalf, not Ms. Meza's.

---

[1] Ortiz Roofing is not named as a defendant in this action.

Thus, there is no basis under the facts presented to hold Ms. Meza vicariously liability for Mr. Ortiz's actions.

## IV. CONCLUSION

The Court finds that Mr. Thomas has not shown that there are questions of material fact as to whether Ms. Meza had actual knowledge of Mr. Ortiz's incompetency to operate her vehicle at the time it was entrusted to him, thus there is no basis for finding her liable for negligent entrustment. Mr. Thomas has also failed to present a question of fact on his negligence per se claim. Therefore, Ms. Meza's motion for summary judgment (Filing No. 39) is **GRANTED**, and Counts II and III of Mr. Thomas's Complaint are **DISMISSED**.

SO ORDERED.

Date: 02/09/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Angela L. Greene
GREEN & ASSOCIATES
algreenelaw@gmail.com

Anne E. Trout
QUINTAIROS PRIETO WOOD & BOYER
atrout@bdblawky.com

Michael P. Reilly
SMITH ROLFES & SKAVDAHL COMPANY, LPA
mreilly@smithrolfes.com

Linda Ann Hammel
YARLING & ROBINSON
lhammel@yarling.com

Matthew Charles Robinson
YARLING & ROBINSON
mrobinson@yarling.com

Charles Francis Robinson, Jr
YARLING & ROBINSON
crobinson@yarling.com